# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE PATTERSON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; STATE OF CALIFORNIA; UCSD HOSPITAL; ALVARADO HOSPITAL; and DOES 1 to 25,<br>　　　　　　　Defendants. | CASE NO. 09-CV-2298-IEG (AJB)<br><br>**ORDER**:<br><br>**(1) GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS [Doc. No. 12];**<br><br>**(2) GRANTING DEFENDANT REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS OR ALTERNATIVELY TO QUASH SERVICE [Doc. No. 13]; and**<br><br>**(3) GRANTING DEFENDANT ALVARADO HOSPITAL'S MOTION TO DISMISS [Doc. No. 4].** |

　　　Defendants Alvarado Hospital and the County of San Diego have filed separate motions to dismiss Plaintiff Gene Patterson's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Regents of the University of California San Diego (erroneously sued and served as UCSD Hospital) has also filed a Rule 12(b)(6) motion to dismiss Plaintiff's Complaint, or alternatively, a motion to quash service.[1]

　　　These motions are suitable for disposition without oral argument pursuant to Local Civil Rule

---

[1] Defendant State of California has not responded.

7.1(d)(1). For the reasons stated herein, the Court **GRANTS** Defendants' motions to dismiss.

## **FACTUAL BACKGROUND**

The following facts are drawn from Plaintiff's Complaint. On or about June 9, 2007, while Plaintiff was in the custody of Defendant County of San Diego (the "County") at the George Bailey Detention Facility, Plaintiff fell from his bunk bed onto the floor and was injured. (Compl. at 3.) Plaintiff alleges the County should have known upon reasonable investigation that the bunk bed "was a dangerous condition" and Plaintiff would be injured due its unsafe design and structure. (Compl. at 3.)

As a result of the incident, the County provided Plaintiff medical treatment at UCSD Medical Center operated by Defendant Regents of the University of California ("UCSD"), at Defendant Alvarado Hospital ("Alvarado"), and at the Richard J. Donovan Correctional Facility, operated by Defendant State of California. (Compl. at 3.) Plaintiff alleges Defendants performed medical services in a negligent manner, including leaving surgical utensils inside Plaintiff's body, and denied Plaintiff medical care. (Compl. at 3.)

## **PROCEDURAL HISTORY**

Plaintiff filed a Complaint on October 16, 2009. (Doc. No. 1.) The Complaint is captioned, "Plaintiff's Complaint for Damages Under 42 U.S.C. § 1983, 1981, 1985, the Civil Rights Act of 1871; Rule 60(b)(3)." It is unclear from the Complaint what the causes of action are. Under the section for jurisdictional allegations, Plaintiff alleges the action is brought pursuant to Section 1983 and the Fifth and Fourteenth Amendments to the Constitution. The body of the Complaint is a Judicial Council of California form complaint alleging three causes of action: (1) negligence; (2) premises liability; and (3) intentional tort.

On April 15, 2010, the Court set a hearing for dismissal for want of prosecution pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 2.) Thereafter, on May 7, 2010, Plaintiff served the Summons and Complaint on each defendant. (Doc. Nos. 6, 7, 8, 9.)

Presently before the Court are Defendants' motions to dismiss. (Doc. No. 13.) On June 11,

2010, Plaintiff filed a late opposition to Defendants' motions.[2] On June 14, 2010, Defendant UCSD filed a Reply to Plaintiff's late opposition. (Doc. No. 30).[3]

## DISCUSSION

### I. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Iqbal, 129 S.Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

---

[2] In the Court's Order accepting the late opposition, the Court stated it would take into consideration Plaintiff's late opposition to the extent it raises any meritorious arguments.

[3] Plaintiff also filed a document entitled "Amended Plaintiff's Complaint" (Doc. No. 24) on June 11, 2010, then re-filed the amended complaint on June, 14, 2010 (Doc. No. 26), and withdrew the previously filed amended complaint (Doc. No. 28). However, because the time for amending the complaint as a matter of right had passed, and Plaintiff had not requested or been granted leave to file an amended complaint, the Court struck the amended complaint. (Doc. No. 26).

1    A liberal standard is used to evaluate a motion to dismiss. Estelle v. Gamble, 429 U.S. 97, (1976). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citation omitted).

**II.    Analysis of Motions to Dismiss**

    **A.    42 U.S.C. § 1983**

"Section 1983 does not create substantive rights; it merely serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979). Consequently, a § 1983 plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986)).

Here, Plaintiff does not state a claim for violation of § 1983 because he fails to allege Defendants' actions resulted in a deprivation of a constitutional or federally protected right, or that Defendants Alvarado and UCSD acted under color of state law.

    1.    Deprivation of a right secured by the Constitution and laws of the United States

In a § 1983 suit, the inquiry is "'whether the plaintiff has been deprived of a right "secured by the Constitution and laws."'" Baker v. McCollan, 443 U.S. 137, 140 (1979). For § 1983 civil liability to be imposed, "it is necessary to isolate the precise constitutional violation" which Defendants are charged to have committed." Id. "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" Price v. State of Hawaii, 939 F.2d 702, 707-708 (9th Cir. 1991) (quoting Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984) (citation omitted).

Plaintiff fails to sufficiently allege the underlying state tort violations resulted in a deprivation of Plaintiff's constitutional or federal rights. Plaintiff's Complaint states "[i]n doing the things alleged

within this Complaint plaintiff alleges that defendants, and each of thme [sic] violated his Civil and Personal Rights pursuant to 42 U.S.C Sections 1981, 1983, 1985 and the Civil Rights Act of 1871." (Compl. at 6). Presumably, Plaintiff is alleging the state law causes of action for general negligence, premises liability, and intentional tort are the basis of his § 1983 action. However, Plaintiff does not explain how the state law causes of action amount to a deprivation of his constitutional or federal rights. The Complaint's caption and jurisdictional allegations, which assert "the action arises under 42 U.S.C. Section 1983, and the 1st, 5th, and 14th Amendments of the Constitution," are the only other references in the Complaint to constitutional or federal law. Therefore, to the extent Plaintiff alleges the state tort violations are the basis for the § 1983 action, Plaintiff fails to state a claim.

Moreover, Plaintiff's allegations of constitutional and federal violations stated in the Complaint's caption and jurisdictional allegations fail under Federal Rule of Civil Procedure 8(a)(2), because the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, the alleged constitutional and federal violations are insufficient under Rule 8, and therefore also cannot be the basis of the § 1983 action.[4]

2.  State Action

As Defendants Alvarado and UCSD argue, Plaintiff has not alleged sufficient facts to establish they were state actors. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49-50 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). "However, private parties are not generally acting under color of state law." Price, 939 F.2d at 707-708.

To determine whether action is attributable to the State, the Court conducts a two-part inquiry: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2)

---

[4] Defendant USCD contends Plaintiff's § 1983 cause of action is barred by the one year statute of limitation for professional negligence under California Code of Civil Procedure §340.5. (UCSD Mot. to Dismiss at 8:2-8.) "A statute of limitation defense may be raised by a motion to dismiss if the running of the limitation period is apparent on the face of the complaint." Vaughan v. Grijalva, 927 F.2d 476, 479 (9th Cir. 1991) (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). In this case, the running of the limitation period is not readily discernible from the complaint.

"the party charged with the deprivation must be a person who may fairly be said to be a state actor" either because he is a state official, acted together with or obtained significant aid from state officials, or his conduct is otherwise chargeable to the State. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see Dennis v. Sparks, 449 U.S. 24, 27 (1980) (holding a private party acts under color of state law by conspiring with a state official or by his willful participation in joint action with a state official to deprive others of constitutional rights).[5]

> "A person may also become a state actor by becoming so closely related to the State that the person's actions can be said to be those of the State itself. That might be found because the nexus is so close as to cause the relationship to be symbiotic. It might also be for such other reasons as performing public functions or being regulated to the point that the conduct in question is practically compelled by the State."

Price, 939 F.2d at 708-709 (internal citations omitted).

The mere existence of a contract with the state generally does not automatically render a private party a state actor. See e.g. Rendell-Baker v. Kohn, 457 U.S. 830, 840-841 (1982) (explaining that schools, like nursing homes" do not become state actors "by reason of their significant or even total engagement in performing public contracts."); Vincent v. Trend Western Technical Corp., 828 F.2d 563, 569 (9th Cir. 1987) (finding no state action where defendant "may have been dependent economically on its contract with the Air Force").  However, a defendant's contract with the state to provide medical services may rise to the level of state action under § 1983. See West, 487 U.S. at 55-56 (concluding physician employed by state to provide medical care to inmates at prison "pursuant to a contractual arrangement with state" rendered the physician a state actor); see also Lopez v. Dep't of Health Services, 939 F.2d 881, 883 (9th Cir.1991) (concluding allegations that private hospital and ambulance service "under contract with the state of Arizona to provide medical services to indigent citizens" were sufficient to support a § 1983 action).

///

///

---

[5] To establish liability for a conspiracy between the state and private parties under section 1983 Plaintiff "must demonstrate"an agreement or 'meeting of the minds' to violate constitutional rights." Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983) (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970)).  Here, Plaintiff has not alleged a conspiracy between the Defendants to violate Plaintiff's constitutional rights.

      Another factor generally considered is receipt of state funds. <u>Rendell-Baker</u>, 457 U.S. at 840-842. However, a private hospital's receipt of "substantial state funding" was insufficient grounds for holding hospital was a state actor, and "the mere status of being a successor to a county operated or government funded institution is in no way indicative of state action." <u>Chico Feminist Women's Health Center v. Butte Glenn Medical Soc.</u>, 557 F. Supp. 1190, 1196 (E.D. Cal. 1983).

      Here, Plaintiff's cause of action for negligence alleges "Defendant County of San Diego took possession" of Plaintiff "with the purpose and duty of incarceration." (Compl. at 3). Plaintiff further alleges " thereafter, defendant County sought to provide plaintiff with necessitated medical assistance and care . . . by acquiring physicians, surgeons and other medical and [sic] providers at defendant's Alvarado Hospital and UCSD Hospital." (Compl. at 3). Under the Complaint's venue allegations Plaintiff states "the contract was entered into for performance . . . and that payments under contract took place." (Compl. at 2). This is the only allegation relating to a contract. Plaintiff's Complaint does not allege which hospital entered into the contract, nor whether the contract was with the state of California or the County. Consequently, these allegations are insufficient to conclude Defendants Alvarado and UCSD were in any way "state actors."

      In his opposition, Plaintiff contends "it is well established law that plaintiff does not have to plead a particular fact with consummate specificity where one may by reasonable inference conclude the nature of the direct issue plead." (Plaintiff's Opp. to Def. Mot. to Dismiss at 1:26-28). However, "a defendant is entitled to more than the bald legal conclusion that there was action under color of state law." <u>Price</u>, 939 F.2d at 708.

      Because Plaintiff fails to sufficiently plead UCSD and Alvarado were state actors, Plaintiff fails to state a § 1983 cause of action against them.

      3.    <u>Municipal Liability</u>

      Defendant County moves to dismiss Plaintiff's § 1983 action because, as a matter of law, the County cannot be held liable for the negligent actions of its employees under a respondeat superior theory. (County's Motion to Dismiss at 5:8-9) "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978). A

municipality is considered a person which can be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694.

Here, Plaintiff has not alleged the County has such a policy or custom, or that he was injured due to such a policy or custom. Therefore, to the extent Plaintiff's §1983 cause of action against the County is premised upon a respondeat superior theory of liability, Plaintiff fails to state a claim.[6]

### III.     **State Law Causes of Action**

Defendants Alvarado and UCSD argue that if the Court dismisses the § 1983 claims, the Court should decline supplemental jurisdiction over the state law causes of action. For the reasons stated below, the Court declines to retain supplemental jurisdiction over the state law claims asserted in the Complaint.

Federal courts have limited subject matter jurisdiction only as provided by a constitutional provision or by statute, and cannot disregard jurisdictional limits. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); Kokkonen v Guardian Life Ins. Co., 511 U.S. 375, 377 (1978). District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331. Under 28 U.S.C. § 1367, federal courts have supplemental jurisdiction over claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

However, 28 U.S.C. § 1367 (c) provides that a district court may decline supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367 (c). In deciding whether to exercise supplemental jurisdiction, the court should

---

[6] The County asserts Plaintiff's Complaint is barred for failure to comply with the Prison Reform Litigation Act of 1995 (PRLA) and exhaust all administrative remedies as required under 42 USC § 1997e(a). However, it is unknown whether Plaintiff was a confined prisoner at the time the suit was brought as required by the terms of the PRLA, U.S.C. § 1997 e(a)(c)(1).

consider the interests of judicial economy, convenience, fairness and comity. City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997); Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001).

Here, two circumstances outlined in § 1367(c) are present: the Court has entirely dismissed Plaintiff's federal claims over which it has original jurisdiction; and the only remaining claims before the Court are the state law claims which necessarily substantially predominate over the federal claims. Additionally, the interests of judicial economy, fairness, and convenience do not substantially weigh in favor of exercising supplemental jurisdiction. This case is in the early stages of litigation, and no discovery has yet taken place.

Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motions to dismiss. Plaintiff's Complaint is dismissed with leave to amend. Plaintiff must serve the First Amended Complaint according to the Federal Rules of Civil Procedure and the Code of Civil Procedure. Plaintiff may file an amended complaint **within 21 days of the filing of this Order**. The amended complaint must be a complete document without reference to any prior pleading, and must not add any new causes of action.

**IT IS SO ORDERED.**

**DATED: July 21, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**