# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GENE PATTERSON, | CASE NO. 09cv2298-IEG(AJB) |
|---|---|
| Plaintiff, | |
| vs. | Order Granting Defendant County of San Diego's Motion to Dismiss |
| COUNTY OF SAN DIEGO; STATE OF CALIFORNIA; UCSD HOSPITAL; ALVARADO HOSPITAL; and DOES 1 to 25 | |
| Defendants. | |

Plaintiff Gene Patterson, by and through counsel, has filed an action alleging Defendants violated his constitutional rights while he was incarcerated at the George Bailey County jail and Richard J. Donovan Correctional Facility. Defendant, County of San Diego ("County"), moves the Court under Fed. R. Civ. P. 8 and 12(b)(6) to dismiss Plaintiff's claims against it as set forth in Plaintiff's Second Amended Complaint[1], filed on August 10, 2010. Plaintiff has filed an opposition,[2] and the County has filed a reply. The Court found the motion appropriate for

---

[1] Plaintiff previously attempted to file an amended complaint on June 14, 2010, in response to Defendants' first motions to dismiss. Because the time for amending as a matter of right had passed, the Court ordered that amended complaint be stricken from the record. [Doc. No. 29.] Thus, although Plaintiff titles his pleading "Second Amended Complaint," the pleading is in fact only Plaintiff's first amendment. For ease of reference, the Court will refer to the pleading as the Second Amended Complaint ("SAC").

[2] Plaintiff's opposition was filed late. Nonetheless, the Court has considered that opposition in ruling on the County's motion.

submission on the papers and without oral argument, and the September 20, 2010 hearing date was previously vacated. For the reasons explained herein, the County's motion is GRANTED.

### *Background*

Plaintiff filed his initial complaint against the County and several other defendants on October 16, 2009. Although the caption stated Plaintiff was seeking damages under 42 U.S.C. § 1983, 1981, and 1985, the body of Plaintiff's complaint contained only claims for general negligence, premises liability, and intentional tort. [Doc. No. 1.] The County of San Diego moved to dismiss the complaint, arguing Plaintiff failed to allege a violation of his constitutional rights and the County was immune from liability on Plaintiff's general negligence and premises liability claims. [Doc. No. 12.]

The Court granted the County's motion, finding Plaintiff failed to allege any violation of the constitution or of federal law which could form the basis of liability against the County under 42 U.S.C. § 1983.[3] [Doc. No. 31.] The Court granted Plaintiff leave to file an amended complaint.

Plaintiff filed his amended complaint on August 10, 2010.[4] Plaintiff again states claims under 42 U.S.C. §§ 1983, 1981, 1985, and the Civil Rights Act of 1871. [SAC, Doc. No. 32, ¶¶ 25, 26, 27, and 28.] Plaintiff also alleges violation of the Civil Rights Act of 1964 and the Handicap Accommodations Act, as well as claims for negligence and premises liability. [Id., ¶ 28, 30 and 31.] Finally, Plaintiff alleges Defendants violated California Government Code § 845.6 by failing to provide necessary medical care. [Id., ¶ 24.]

Defendant County of San Diego now moves to dismiss the SAC under Fed. R. Civ. P. 8 and 12(b)(6).

---

[3] Defendant Alvarado Hospital and Regents of the University of California ("Regents") also moved to dismiss the complaint. The Court also granted the motion of those Defendants, giving Plaintiff leave to amend. The amended complaint again contains claims against these Defendants, but neither has moved to dismiss the amended complaint.

[4] In addition to naming the County, Alvarado Hospital, and the Regents, Plaintiff's amended complaint names five County Supervisors, Governor Arnold Schwarzenegger, and eight individual doctors. Neither the County Supervisors nor the Governor were included in the caption of the SAC. In addition, the docket does not reflect that Plaintiff's counsel presented the Clerk of Court with summonses for these newly added Defendants. See Civ. L.R. 4.1(d) ("The summons must be prepared by the attorney ... upon forms supplied by the clerk, and must be presented concurrently with the filing of a complaint ...."). It does not appear Plaintiff has served these new Defendants.

### *Legal Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Where a defendant moves to dismiss under Rule 8 as well as Rule 12(b)(6), such motion should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [citation omitted]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Dismissal also can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal,* 556 U.S. __, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at __, 129

1 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

2 Thus, "[w]hile legal conclusions can provide the framework of a compliant, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then decide whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1950.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully. *Id.* at 1949. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*; *Twombly,* 550 U.S. at 570 (when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.").

### *Discussion*

### *1.  Claim under 42 U.S.C. § 1983*

A. Underlying constitutional violation

Plaintiff's SAC again fails to allege facts demonstrating a violation of any constitutional right. Plaintiff alleges the County has violated his rights under the Fifth, and Fourteenth Amendments of the Constitution.[5] [Doc. No. 32, ¶ 8.] In opposition to the motion to dismiss, Plaintiff also argues the Defendants' actions violated the Eighth Amendment.[6]

*i. Eighth Amendment*

The Eighth Amendment protects inmates from cruel and unusual punishment. A state official's deliberate indifference to a substantial risk of serious harm to an inmate violates the

---

[5] Plaintiff also alleges his complaint arises under the First Amendment [¶ 8], but provides no explanation of such a claim. A prisoner may state a claim of retaliation in violation of the First Amendment by showing the following five elements:
(1) An assertion that a state actor took some adverse action against an inmate, (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.
Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)). Plaintiff's complaint alleges none of these elements.

[6] In his opposition, Plaintiff also states his rights under the Thirteenth Amendment have been violated. [Doc. No. 35, p. 5, line 14.] Plaintiff does not explain how the Defendants' actions amount to slavery or involuntary servitude.

Eighth Amendment. <u>Conn v. City of Reno</u>, 591 F.3d 1081, 1094 (9th Cir. 2010). Pretrial detainees are entitled to similar protections under the Due Process Clause of the Fourteenth Amendment. <u>Id</u>.

In order to state a claim for violation of the Eighth Amendment, a plaintiff must satisfy a two-part showing:

> First, an inmate must objectively show that he was deprived of something "sufficiently serious." A deprivation is sufficiently serious when the prison official's act or omission results "in the minimal civilized measure of life's necessities." The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety.

<u>Foster v. Runnels</u>, 554 F.3d 807, 812 (9th Cir. 2009) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)) (remaining internal citations omitted). To establish "deliberate indifference," a plaintiff must show "that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk." <u>Foster</u>, 554 F.3d at 814. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).

Here, Plaintiff's amended complaint, liberally construed, alleges County officials at George Bailey County jail failed to place him in a lower bunk and failed to provide necessary medical assistance after his fall. With regard to his upper bunk placement, Plaintiff alleges he is approximately 5'6" in height, and it "became apparent that plaintiff could not readily get in and out of the bunk and that doing so represented a danger to his health and safety." [Doc. No. 32, ¶ 19.] Plaintiff further alleges "defendant County failed, refused, intentionally deliberately continued to house plaintiff with an upper bunk, though having at their disposal numerous lower bunk beds available to effect the needed change." [<u>Id</u>.] Plaintiff alleges that "before his fall and during his incarceration defendant County knew or should have known upon reasonable investigation, that the bunk bed was a dangerous condition for plaintiff" but the County nonetheless "exposed plaintiff to said dangerous condition with knowledge that he could and would be injured from use of the bunk bed due to its unsafe design and structure as related to plaintiff ...." [<u>Id</u>., ¶ 16.]

Plaintiff's allegations with regard to upper bunk placement do not satisfy the objective prong of the Eighth Amendment claim. The fact Plaintiff fell from the upper bunk, and sustained significant injuries, does not plausibly lead to the conclusion that County officials imposed a

sufficiently serious risk of harm by assigning Plaintiff to a top bunk. See Robinett v. Correctional Training Facility, 2010 WL 2867696 (N.D. Cal. 2010) (dismissing for failure to state a claim plaintiff's complaint alleging Eighth Amendment violation after he fell from his bunk bed); Jones v. Louisiana Dept. of Public Safety, 2009 WL 1310940 (W.D. La. 2009) (same); Brown v. Anderson, 2010 WL 199692 (D.S.C. 2010) (same). Plaintiff provides no factual allegations, aside from his height, demonstrating there was any inherent or atypical unsafe condition with the bunk beds which County officials could or should have anticipated would cause him harm.

Furthermore, Plaintiff's conclusory allegation that County officials "knew or should have known" that the bunk bed was a dangerous condition does not satisfy the subjective "deliberate indifference" standard. Plaintiff does not allege he told any particular County official it would be dangerous for him to be in a top bunk. His conclusory allegation that the County knew the bunk bed was unsafe does not plausibly show any County official was deliberately indifferent to a serious risk of injury to Plaintiff.[7]

Finally, although Plaintiff alleges the County "sought to provide housing, care, and medical services for plaintiff at Richard J. Donovan Correctional Facility" [Doc. 32, ¶ 18] and also "sought to provide plaintiff with necessitated medical assistance and care resulting from the incident by acquiring physicians, surgeons and other medical and providers" [Id. ¶ 17] at Alvarado Hospital and UCSD Hospital, Plaintiff does not allege any facts demonstrating County officials knew of, but were deliberately indifferent to, a serious need for medical care. Therefore, Plaintiff has failed to state a claim against the County for violation of his rights under the Eighth Amendment.

*ii. Fifth and Fourteenth Amendments*

Although Plaintiff cites to the Fifth and Fourteenth Amendments in his SAC[Doc. No. 32, ¶ 8], he does not explain what particular due process rights he alleges were violated. Plaintiff also fails to allege any facts which could support a due process claim.

---

[7]In his opposition to the County's motion to dismiss, Plaintiff states that deputies failed to come to his aid for 20-30 minutes after his fall, resulting in significant additional injuries. These facts are not set forth in the Amended Complaint, and Plaintiff identifies no County official who ignored any request for assistance. Plaintiff may state these facts should he choose to amend his complaint again.

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This Clause clothes individuals with the right to both substantive and procedural due process. United States v. Salerno, 481 U.S. 739, 746 (1987) (analyzing the Due Process Clause of the Fifth Amendment). Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty . . . ." Id. (internal quotation marks and citations omitted). Procedural due process requires that the government's deprivation of life, liberty, or property, even if consistent with substantive due process, "be implemented in a fair manner." Id. (internal quotation marks and citation omitted).

To plead procedural due process violations, a plaintiff must allege:

> (1) a life, liberty or property interest exists and has been subject to interference by the state; and (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient.

Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1990). To plead a substantive due process violation, a plaintiff must allege governmental action which deprives plaintiff of a life, liberty or property interest which may not be deprived regardless of the procedure employed. Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 846-50 (1992). "If a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

Plaintiff fails to allege any facts which could be construed to state a claim that the County violated his procedural or substantive due process rights.

### B. County Liability

Even assuming Plaintiff states a claim for relief against County officials generally, he has failed to allege facts sufficient to state a claim against the County of San Diego. A public entity may not be held liable under 42 U.S.C. § 1983 for the acts of its employees based solely upon the employment relationship. City of Oklahoma v. Tuttle, 471 U.S. 808, 818 (1985). '[O]nly deprivations visited pursuant to [entity] 'custom' or 'policy' could lead to municipal liability." Id. Liability will be imposed upon a public entity where the plaintiff establishes a series of similar acts

sufficient to establish a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity." Ulrich v. City and County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2004). Alternatively, a plaintiff may establish the liability of municipal defendants

> (1) by showing that the decision-making official was, as a matter of law, a final policymaking authority 'whose edicts or acts may fairly be said to represent official policy' in the area of the decision; … or (2) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. Id.

"A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000). There can be no public entity liability where there is no underlying constitutional violation. Forrester v. City of San Diego, 25 F.3d 804, 808 (9th Cir. 1994) (public entity cannot be held liable under § 1983 where plaintiff fails to establish underlying constitutional violation).

Here, as explained above, Plaintiff has not alleged an underlying constitutional violation; therefore, the County cannot be held liable for violating § 1983. Even if the amended complaint is construed to allege a violation of the Eighth Amendment, however, Plaintiff fails to allege any official custom or policy of the County which resulted in the alleged violation. Therefore, the County is entitled to dismissal of Plaintiff's § 1983 claim.

## 2. *Claim under 42U.S.C. § 1981*

Section 1981 generally protects against discrimination on the basis of race or alienage. Surrell v. California Water Service Co., 518 F.3d 1097, 1103 (9th Cir. 2008). Section 1981 provides that all persons "shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981; Evans v. McKay, 869 F.2d 1341, 1344 n.2 (9th Cir. 1989). Section 1981 prohibits racial discrimination by private actors. See Johnson v. Railway Express Agency Inc., 421 U.S. 454, 459-60 (9th Cir. 1975)

Although Plaintiff alleges he is a black male [Doc. No. 32, ¶ 1], he does not allege any action was taken against him based upon his race. Therefore, the SAC fails to state a claim under § 1981.

*3.     Claim under 42 U.S.C. § 1985*

Section 1985 "proscribes conspiracies to interfere with civil rights." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1039 (9th Cir. 1990).  In order to state a claim under § 1985, a plaintiff must demonstrate the existence of a conspiracy based on a race-based animus, resulting in overt acts, done in furtherance of the conspiracy, and which are "both the cause in fact and proximate cause of plaintiffs' injuries."  <u>Id</u>.  Plaintiff must allege specific "facts to support the allegation that defendants conspired together" and "[a] mere allegation of conspiracy without factual specificity is insufficient."  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988).

Here, Plaintiff alleges no conspiracy based upon racial animus which interfered with his civil rights.  Therefore, the SAC fails to state a claim under § 1985.

*4.     Claim under Cal. Gov't Code § 845.6*

Plaintiff alleges the Defendants violated Cal. Gov't Code § 845.6.  [SAC, Doc. 32, ¶ 24.] Plaintiff alleges Defendants "had a duty to Plaintiff to act with the ordinary care and prudence exercised by medical practitioners in this locality so as not to cause harm or injury to another." [<u>Id</u>.]  He further alleges "[b]y engaging in the acts alleged herein, the defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff."  [<u>Id</u>.]  Finally, Plaintiff alleges Defendants "knew that Plaintiff was in the immediate need of medical care and failed to take action to summon or provide such medical care which resulted in injury to Plaintiff."  [<u>Id</u>.]

Section 845.6 of the California Government Code provides that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."  The liability created by this statute is "limited to serious and obvious medical conditions requiring immediate care."  <u>Lawson v. Superior Court</u>, 180 Cal. App. 4th 1372, 1385 (2010).

Here, Plaintiff alleges in a conclusory fashion that he was in immediate need of medical care, but fails to allege any facts regarding the nature of his injuries.  In addition, Plaintiff fails to allege any particular individual knew he needed immediate medical care and failed to provide such care.  Therefore, Plaintiff fails to state a claim for relief under Cal. Gov't Code § 845.6.

### *Newly Added Defendants*

In its order granting Defendants' motion to dismiss Plaintiff's original complaint, the Court ordered that Plaintiff's amended complaint "must not add any new causes of action." Nonetheless, in his SAC, Plaintiff names five County Supervisors, Governor Arnold Schwarzenegger, and eight individual doctors. Plaintiff did not seek leave of Court to add these new Defendants. See Fed. R. Civ. P. 15(a)(1)(B) (requiring party to obtain leave of court to amend pleading if amendment is made more than 20 days after service of a motion under Rule 12(b)). In addition, Plaintiff has not provided the Clerk of Court with summonses to be issued with regard to these individual defendants, and the docket does not indicate they have been served.

Upon review, the SAC alleges claims against the individual County Supervisors (Greg Cox, Diane Jacobs, Pam Slater-Price, Ron Roberts, and Bill Horn) and Governor Schwarzenegger only in their official capacity and not based upon any act or omission of the official. A public official may not be held vicariously liable for acts of his or her subordinates under 42 U.S.C. § 1983. Iqbal, 129 S. Ct. at 1948. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. Furthermore, Plaintiff alleges Alexander Schwartz, M.D., William J. Peace, M.D., Tudor Hughes, M.D., Lisa Lowe, M.D., J. Gondusky, M.D., Robert Meyer, M.D., Reid Abrams, M.D., and Terance Davidson, M.D. each "[a]cted jointly and severally as treating physicians and surgeons toward plaintiff during the time in which he was incarcerated at Bailey and Donovan facilities." [SAC, Doc. 32, ¶ 7] However, Plaintiff alleges no act or omission by any of these individual doctors. Therefore, the Court dismisses Plaintiff's SAC as to these Defendants, without prejudice.

### *Conclusion*

For the reasons set forth herein, the Court GRANTS the County's motion to dismiss the Second Amended Complaint and orders as follows:

1. Plaintiff's claim against the County of San Diego under 42 U.S.C. § 1983 is dismissed without prejudice;
2. Plaintiff's claims against the County under 42 U.S.C. § 1981 and 1985 are dismissed without prejudice;

3. Plaintiff's claim against the County under Cal. Gov't Code § 845.6 is dismissed without prejudice.

4. Plaintiff's claims against Greg Cox, Diane Jacobs, Pam Slater-Price, Ron Roberts, and Bill Horn, Governor Schwarzenegger, Alexander Schwartz, M.D., William J. Peace, M.D., Tudor Hughes, M.D., Lisa Lowe, M.D., J. Gondusky, M.D., Robert Meyer, M.D., Reid Abrams, M.D., and Terance Davidson, M.D. are dismissed without prejudice.

Plaintiff may file an amended complaint within fourteen (14) days of the filing of this Order.

**IT IS SO ORDERED**.

**DATED: October 8, 2010**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**