1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   GENE PATTERSON,                              CASE NO. 09cv2298-IEG(AJB)

12                              Plaintiff,

13          vs.                                   Order Granting in Part and Denying in
                                                  Part Defendant County of San Diego's
14                                                Motion to Dismiss Plaintiff's Third
                                                  Amended Complaint; Granting
15   COUNTY OF SAN DIEGO; STATE OF                Defendants Regents of University of
     CALIFORNIA; UCSD HOSPITAL;                   California and Alvarado Hospital's
16   ALVARADO HOSPITAL; and DOES 1 to             Motions to Dismiss
     25
17
                              Defendants.
18

19          Plaintiff Gene Patterson, by and through counsel, has filed a Third Amended Complaint

20   ("TAC") alleging Defendants County of San Diego, State of California, Regents of the University

21   of California (erroneously sued as UCSD Hospital), Alvarado Hospital, and numerous individual

22   defendants, violated his constitutional rights while he was incarcerated at the George Bailey

23   County jail ("Bailey") and Richard J. Donovan Correctional Facility ("Donovan").  Defendant,

24   County of San Diego ("County"), and Defendant Alvarado Hospital, move the Court under Fed. R.

25   Civ. P. 12(b)(6) to dismiss Plaintiff's TAC for failure to state a claim.  Defendant Regents moves

26   to dismiss the TAC pursuant to Fed. R. Civ. P. 4(d), 12(b)(5), and 12(b)(6), for insufficient service

27   of process and also for failure to state a claim.

28          Plaintiff filed an untimely opposition, making it necessary for the Court to vacate the

1  January 3, 2011 hearing in order to allow Defendants' an opportunity to reply.[1]  Defendants

2  Alvarado Hospital and Regents have filed reply briefs.  Upon review, the Court finds the motions

3  appropriate for submission on the papers and without oral argument.  For the reasons explained

4  herein, the Alvarado Hospital and Regents motions are GRANTED.  The County's motion is

5  GRANTED IN PART AND DENIED IN PART.

6  *__Background__*

7          Plaintiff filed his initial complaint on October 16, 2009.  Although the caption stated

8  Plaintiff was seeking damages under 42 U.S.C. §§ 1981, 1983, and 1985, the body of Plaintiff's

9  complaint contained only claims for general negligence, premises liability, and intentional tort.

10  [Doc. No. 1.]  The County of San Diego, the Regents, and Alvarado Hospital moved to dismiss the

11  complaint, arguing Plaintiff failed to allege a violation of his constitutional rights.  [Doc. Nos. 4,

12  12, and 13 .]  The Regents also moved to dismiss alleging improper service of process.  The Court

13  granted the Defendants' motions, finding Plaintiff failed to allege any violation of the constitution

14  or of federal law which could form the basis of liability against any of the Defendants.  [Doc. No.

15  31.]  The Court granted Plaintiff leave to file an amended complaint.

16          Plaintiff filed his second amended complaint on August 10, 2010.[2]  Plaintiff again asserted

17  claims under 42 U.S.C. §§ 1981, 1983, 1985, and the Civil Rights Act of 1871.  [SAC, Doc. No.

18  32, ¶¶ 25, 26, 27, and 28.]  Plaintiff also alleged violation of the Civil Rights Act of 1964 and the

19  Handicap Accommodations Act, and asserted claims for negligence and premises liability.  [Id.,

20  ¶ 28, 30 and 31.] Finally, Plaintiff alleged Defendants violated California Government Code

21  § 845.6 by failing to provide necessary medical care. [Id., ¶ 24.]

22

23  ————————————————

24          [1]Plaintiff's counsel states his opposition was not timely filed because he suffered a serious
    medical problem while attending a friend's funeral.  Counsel attaches items tending to indicate he
25  was transported to the hospital, by ambulance, on November 6, 2010.  Counsel provides no
    additional information regarding why this incident in early November prohibited him from timely
26  filing the opposition, which was due more than a month later, on December 20, 2010.

27          [2]In addition to naming the County, Alvarado Hospital, and the UCSD Hospital, Plaintiff's
    amended complaint named five County Supervisors, Governor Arnold Schwarzenegger, and eight
28  individual doctors. Neither the County Supervisors nor the Governor were included in the caption
    of the SAC. In addition, Plaintiff did not serve these Defendants with the SAC.

1   Defendant County of San Diego moved to dismiss the SAC[3] under Fed. R. Civ. P. 8 and

2   12(b)(6).  By order filed October 8, 2010, the Court granted the County's motion, finding

3   (a) Plaintiff failed to state an underlying constitutional violation supporting his claim under 42

4   U.S.C. § 1983, (b) plaintiff failed to allege any action was taken against him based upon his race

5   or that there was a conspiracy against him based upon racial animus so as to state claims under 42

6   U.S.C. § 1981 and 1985, and (c) plaintiff failed to allege any particular facts supporting his

7   negligence claims under Cal. Gov't Code § 845.6.  [Doc. No. 38.]  The Court also *sua sponte*

8   dismissed Plaintiff's claims against the individual defendants.  The Court granted Plaintiff leave to

9   file a Third Amended Complaint.

10   Plaintiff filed his Third Amended Complaint on November 3, 2010.  The TAC once again

11   alleges claims under 42 U.S.C. §§ 1981, 1983, and 1985, as well as Cal. Gov't. Code § 845.6.

12   Plaintiff alleges that he notified jail employees that because of his height (5'6"), he could not

13   readily get in and out of his assigned upper bunk.  [TAC, ¶ 19.]  Plaintiff fell from his bunk bed

14   once, after which his physicians expressly recommended he be provided a lower bunk for his

15   safety and to avoid another fall.  [TAC, ¶ 22.]  Defendants failed and refused to assign Plaintiff to

16   a lower bunk, although numerous unused bed were available.  [TAC, ¶ 23.]  As a result of the

17   County's failure to assign Plaintiff to a lower bunk, Plaintiff suffered a second fall.  [TAC, ¶ 24.]

18   Plaintiff alleges his First Amendment rights were chilled by Defendants' "adverse and indifferent

19   actions taken against him by the jail officials ...  in that he ceased requesting a change of bunk bed

20   assignment ...."  [TAC, ¶ 26.] Because of the construction of the jail facility, and because the top

21   bunk was as high as seven feet or more from the hard cement floor, plaintiff alleges Defendants

22   should have known a fall would cause serous bodily injury and perhaps even death.  [TAC, ¶ 29.]

23   As a result of the second fall, Plaintiff received very serious injuries, including the loss of many

24   teeth and a serious arm injury requiring significant skin grafting.  [TAC, ¶¶ 32-33.]

25   Despite his outcry for help following his second fall, and his obvious need for medical

26   assistance, Plaintiff alleges the floor deputies failed and refused to respond or answer his cries for

27

28   _____

[3]Defendant Alvarado Hospital and the Regents did not move to dismiss the SAC but also did not respond to that pleading.

20-30 minutes or more, resulting in significant further injury and pain.  [TAC, ¶ 39.]  Plaintiff

alleges he was thereafter provided faulty medical services, including that surgical items were left

in his body resulting in infections and further injury.  [TAC, ¶ 44.]  Plaintiff was placed in

isolation, deprived of regular visits by physicians and nurses and cleaning crews, resulting in

exceptional pain without medication.  [Id.]

Plaintiff alleges Defendants

> [E]nforced, maintained and employed the aforementioned deprivation of plaintiff's
> rights by adopting on employing rules, regulations, customs, habits, procedures and
> policies which required under funding of jail and medical staff to meet their
> budgets, failures to comply with court ordered case law to maintain a jail
> population in which adequate services could be provided to plaintiff and other
> prisoners, especially healthcare provision, and by placing an injured plaintiff in an
> isolated maintenance tank as here with plaintiff, who is a black man, while making
> available to white inmates a general population medical facility available to all
> regardless of race.

[TAC, ¶ 45.]  Because of Defendants' custom and policy to underfund the jail, Plaintiff alleges

there is a policy and procedure within the George Bailey jail facility to refuse prisoners including

Plaintiff any ladder or hoist system to get up into the top bunk.  [TAC, ¶ 52.]  As in his earlier

complaints, Plaintiff does not allege any particular individual participated in any particular act or

omission.

### ***Legal Standard***

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

sufficiency of a claim" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule

12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court

may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk*

*v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Where a defendant moves to dismiss under Rule 12(b)(6), such motion should be granted if

plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,
> accepted as true, to "state a claim to relief that is plausible on its face." [citation
> omitted].  A claim has facial plausibility when the plaintiff pleads factual content
> that allows the court to draw the reasonable inference that the defendant is liable for
> the misconduct alleged.

09cv2298

1    *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556,

2    570).  Thus, "[w]hile legal conclusions can provide the framework of a compliant, they must be

3    supported by factual allegations.  When there are well-pleaded factual allegations, a court should

4    assume their veracity and then decide whether they plausibly give rise to an entitlement to relief."

5    *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1950.

6         Where a defendant challenges the method of service of process under Fed. R. Civ. P.

7    12(b)(5), plaintiff bears the burden of establishing service was valid under Rule 4.  Brockmeyer v.

8    May, 383 F.3d 798, 801 (9th Cir. 2004) (citing Butcher's Union Local No. 498 v. SDC Investment,

9    Inc., 788 F.2d 535, 538 (9th Cir. 1986)).  Where factual issues are presented on a motion under

10   Rule 12(b)(5), the court may hear evidence and determine the facts. Old Republic Ins. Co. v.

11   Pacific Financial Svcs., 301 F.3d 54, 57 (2d Cir. 2002).

12                                    ***Discussion***

13   ***1.      Claims Against County of San Diego***

14        The County of San Diego moves to dismiss the TAC, arguing Plaintiff fails to state a claim

15   for relief for violation of his constitutional rights or under the California Government Code.  Upon

16   review, the Court concludes Plaintiff's TAC has cured several of the deficiencies noted with

17   regard to the SAC.

18        *A.      42 U.S.C. § 1983*

19        Plaintiff's TAC alleges claims against the County under 42 U.S.C. § 1983 for violation of

20   his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution.

21   [TAC, ¶ 26.]  The County moves to dismiss arguing Plaintiff has failed to demonstrate an

22   underlying constitutional violation and has failed to show a County policy or practice.

23             *i.      First Amendment*

24        A prisoner may state a claim of retaliation in violation of the First Amendment by showing

25   the following five elements:

26       (1) An assertion that a state actor took some adverse action against an inmate, (2)
         because of (3) that prisoner's protected conduct, and that such action (4) chilled the
27       inmate's exercise of his First Amendment rights, and (5) the action did not
         reasonably advance a legitimate correctional goal.
28
     Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449

(9th Cir. 2000)).  The TAC fails to allege Plaintiff engaged in any protected conduct, such as the filing of a grievance, or that the conduct of jail officials chilled his exercise of First Amendment rights.  Plaintiff alleges only that he was told by jail officials that his complaints regarding bunk assignment were becoming a nuisance, and that as a result he stopped talking to fellow inmates regarding the situation.  [TAC, ¶ 23, 26.]  These allegations are insufficient to state a claim under the First Amendment.

### ii.  Fourth, Fifth and Fourteenth Amendments

Plaintiff cites to the Fourth, Fifth, and Fourteenth Amendments in his TAC [TAC, ¶ 26, 42], and argues his rights to due process and equal protection were violated.

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  This Clause clothes individuals with the right to both substantive and procedural due process. United States v. Salerno, 481 U.S. 739, 746 (1987) (analyzing the Due Process Clause of the Fifth Amendment).  Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty . . . ." Id. (internal quotation marks and citations omitted).   Procedural due process requires that the government's deprivation of life, liberty, or property, even if consistent with substantive due process, "be implemented in a fair manner."  Id. (internal quotation marks and citation omitted).

To plead procedural due process violations, a plaintiff must allege:

> (1) a life, liberty or property interest exists and has been subject to interference by the state; and (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient.

Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1990).  To plead a substantive due process violation, a plaintiff must allege governmental action which deprives plaintiff of a life, liberty or property interest which may not be deprived regardless of the procedure employed. Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 846-50 (1992).  "If a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."  County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998). The TAC

1   contains no allegations of fact which could support a procedural or substantive due process claim.

2       However, Plaintiff's TAC does contain facts sufficient to state a claim for violation of his

3   equal protection rights.  In order to state an equal protection claim under the Fourteenth

4   Amendment, Plaintiff must allege Defendants "acted with an intent or purpose to discriminate

5   against him based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071,

6   1082 (9th Cir. 2003).  Plaintiff alleges that defendants, instead of providing him with medical care

7   at a hospital, incarcerated him in a jail cell, when other Caucasian inmates were given access to

8   medical facilities.  [TAC, ¶ 45.]  For purposes of this motion to dismiss, the Court finds this

9   allegation sufficient to state a claim.

10          *iii.  Eighth Amendment*

11      The Eighth Amendment protects inmates from cruel and unusual punishment.  A state

12  official's deliberate indifference to a substantial risk of serious harm to an inmate violates the

13  Eighth Amendment.  Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010).  Pretrial detainees

14  are entitled to similar protections under the Due Process Clause of the Fourteenth Amendment.  Id.

15      In order to state a claim for violation of the Eighth Amendment, a plaintiff must satisfy a

16  two-part showing:

17          First, an inmate must objectively show that he was deprived of something
            "sufficiently serious."   A deprivation is sufficiently serious when the prison
18          official's act or omission results "in the minimal civilized measure of life's
            necessities."  The inmate must then make a subjective showing that the deprivation
19          occurred with deliberate indifference to the inmate's health or safety.

20  Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825,

21  834 (1994)) (remaining internal citations omitted).  To establish "deliberate indifference," a

22  plaintiff must show "that the official was aware of a risk to the inmate's health or safety and that

23  the official deliberately disregarded the risk."   Foster, 554 F.3d at 814. "An accident, although it

24  may produce added anguish, is not on that basis alone to be characterized as wanton infliction of

25  unnecessary pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

26      Plaintiff's TAC alleges that County officials at George Bailey County jail failed to place

27  him in a lower bunk, even though Plaintiff told them he needed a lower bunk assignment because

28  of his height.  After Plaintiff's first fall, physicians expressly recommended to County officials

operating the jail that they provide Plaintiff a lower bunk in order to avoid another fall.  [TAC, ¶ 22.]  Plaintiff alleges the County refused to assign him to an available lower bunk, and failed to provide a ladder or other means for prisoners to safely get in and out of the top bunk, after being informed of the recommendation that Plaintiff be assigned to a lower bunk.  [TAC, ¶ 52-54.]  These allegations are sufficient to state a claim that the County knew of, but was deliberately indifferent to the risk of serious injury.

Plaintiff also alleges jail officials did not timely respond to his cries for assistance after his fall, and did not provide adequate medical care to him.  [TAC, ¶ 39.]  However, Plaintiff does not name any individual jail official who heard and disregarded his calls, does not point to any actions of jail officials with regard to his medical care (aside from housing him in unequal medical facilities based upon his race so as to support an equal protection claim), and does not point to any County policy or procedure that could have been the moving force for any constitutional injury.  Therefore, Plaintiff has failed to state an Eighth Amendment claim against the County based upon jail officials' failure to timely respond after his second fall or provide adequate medical treatment.

### iv.  County Liability

A public entity may not be held liable under 42 U.S.C. § 1983 for the acts of its employees based solely upon the employment relationship.  City of Oklahoma v. Tuttle, 471 U.S. 808, 818 (1985). '[O]nly deprivations visited pursuant to [entity] 'custom' or 'policy' could lead to municipal liability."  Id.

Here, Plaintiff has alleged that the County had a policy and practice of denying inmates at the County jail any ladder or other means of getting into and out of a top bunk.  [TAC, ¶ 52.]  Plaintiff alleges the County maintained such policy even after it was made aware of the risk an inmate could suffer serious injury from falling from an upper bunk.  The Court concludes Plaintiff's allegations of County policy are sufficient for purposes of this motion to dismiss.

### B.  Claim under 42 U.S.C. § 1981

Section 1981 provides that all persons "shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42

1  U.S.C. § 1981; <u>Evans v. McKay</u>, 869 F.2d 1341, 1344 n.2 (9th Cir. 1989).  The section generally

2  protects against discrimination on the basis of race or alienage.  <u>Surrell v. California Water Service</u>

3  <u>Co.</u>, 518 F.3d 1097, 1103 (9th Cir. 2008).  Plaintiff may bring a cause of action under § 1983 based

4  upon a County policy or custom.  <u>Federation of African American Contractors v. City of Oakland</u>,

5  96 F.3d 1204, 1215 (9th Cir. 1996).

6         In the TAC, Plaintiff alleges he is a black male, and that the County had a policy of

7  providing black inmates with inadequate health care and medical housing vis-a-vis white inmates.

8  [TAC, ¶ 45.]  The County does not move to dismiss the § 1981 claim and the Court finds

9  Plaintiff's allegations in the TAC sufficient to state a claim under § 1981.

10        *C.*      *Claim under 42 U.S.C. § 1985*

11        Section 1985 "proscribes conspiracies to interfere with civil rights."  <u>Sanchez v. City of</u>

12 <u>Santa Ana</u>, 936 F.2d 1027, 1039 (9th Cir. 1990).  In order to state a claim under § 1985, a plaintiff

13 must demonstrate the existence of a conspiracy based on a race-based animus, resulting in overt

14 acts, done in furtherance of the conspiracy, and which are "both the cause in fact and proximate

15 cause of plaintiffs' injuries."  <u>Id</u>.  Plaintiff must allege specific "facts to support the allegation that

16 defendants conspired together" and "[a] mere allegation of conspiracy without factual specificity is

17 insufficient."  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988).

18        The TAC contains no facts supporting an allegation of conspiracy based upon racial

19 animus aside from Plaintiff's conclusory statement the Defendants have violated his rights under

20 that section.  [TAC, ¶ 65.]  Therefore, the TAC fails to state a claim under § 1985.

21        *D.*      *Claim under Cal. Gov't Code § 845.6*

22        Plaintiff alleges the Defendants violated Cal. Gov't Code § 845.6 by failing to act with

23 ordinary care to summon immediate medical care.  [TAC, ¶ 62.]  Section 845.6 provides that the

24 County may be held liable if its employee "kn[ew] or ha[d] reason to know that the prisoner is in

25 need of immediate medical care and he fails to take reasonable action to summon such medical

26 care."  This section explicitly permits the type of respondeat superior liability against a public

27 entity which is prohibited by 42 U.S.C. § 1983.  <u>Jett v. Penner</u>, 439 F.3d 1091, 1099 (9th Cir.

28 2006).  In order to state a claim under § 845.6, a prisoner must establish the following:  "(1) the

public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." Id.  Liability is limited "to serious and obvious medical conditions requiring immediate care." Watson v. State, 21 Cal. App. 4th 836, 841 (1993).  The statute does not require the public employee to monitor the quality of care provided.  Jett, 439 F.3d at 1099.

The County moves to dismiss Plaintiff's claim under § 845.6, arguing the County is immune pursuant to Gov't Code § 844.6. Section 844.6 provides that "[A] public entity is not liable for ... (2) an injury to any prisoner."  However, the immunity provided under § 844.6 explicitly does not apply to claims for failure to summon medical care under § 845.6.  Plaintiff alleges jail officials knew he was in immediate need of medical care for very serious injuries, including several teeth being lost and a severed arm, and failed to take action to summon or provide such care.  [TAC, ¶ 62.]  Therefore, Plaintiff states a claim for relief against the County under such section.

## 2.   *Claims Against Regents*

Plaintiff alleges that after his second fall, he was taken to UCSD Hospital for emergency medical care and surgery.  [TAC, ¶ 19(d).]  Plaintiff generally alleges that defendants "provided plaintiff with physicians who left surgical utensils within his body" and thereafter "failed and refused to remove said utensils and emblements of surgery from plaintiffs' person."  [TAC, ¶ 35.]  Plaintiff further alleges defendants were aware of the utensils left in his body after surgery, and deliberately failed to remove them.  [TAC, ¶ 38.]

The Regents move to dismiss under Fed. R. Civ. P. 12(b)(5), arguing Plaintiff failed to properly serve the original complaint. Alternatively, the Regents argue Plaintiff's TAC fails to state a claim for relief under federal law, and the Court should decline supplemental jurisdiction over Plaintiff's state law claims.

A.   *Claim under 42 U.S.C. § 1983*

In order to state a claim against the Regents under § 1983, Plaintiff must first establish the Regents is a state actor.  A private hospital under contract with the state to provide medical services to prisoners and indigent citizens may be considered a state actor for purposes of § 1983.

1    Lopez v. Department of Health Svcs., 939 F.2d 881, 883 (9th Cir. 1991).  The Court granted the

2    Regents' motion to dismiss Plaintiff's original complaint because that pleading failed to allege any

3    facts demonstrating there was a contractual arrangement with the state or County sufficient to

4    confer "state actor" status.  Similarly, the TAC alleges only that the Regents "is a public

5    institution" which "provides hospital services to those in need of medical attention."  [TAC, ¶ 2.]

6    Plaintiff further alleges UCSD Hospital provided medical care for plaintiff, "maintain[ed] plaintiff

7    in a state of an imprisoned person, while providing those services," and provided care to plaintiff

8    "pursuant to a conspiracy and agreement."  These allegations are insufficient to establish the

9    Regents is a "state actor" subject to liability under § 1983.[4]

10       Furthermore, Plaintiff's TAC fails to allege any doctor or individual at UCSD Hospital

11   acted with deliberate indifference to Plaintiff's serious need for medical care.  Plaintiff summarily

12   alleges negligent medical treatment by UCSD Hospital, Alvarado Hospital, and eight individual

13   doctors (none of whom have been served with any pleadings in this case).  [TAC, ¶ 18, 38, 44, and

14   59.]  However, Plaintiff fails to allege any particular doctor at either hospital knew of the alleged

15   failure to remove surgical instruments, or what act or omission could constitute deliberate

16   indifference under the Eighth Amendment.  Therefore, Plaintiff fails to state a claim for relief

17   against the Regents under § 1983.

18       B.      *Claim under § 1985*

19       As noted above, in order to state a claim for conspiracy under § 1985, Plaintiff must allege

20   specific "facts to support the allegation that defendants conspired together" and "[a] mere

21   allegation of conspiracy without factual specificity is insufficient."  Karim-Panahi v. Los Angeles

22   

23          [4]The Regents also argue Plaintiff's claims are barred by the statute of limitations.  The
     statute of limitations for actions under § 1983 in California is one year.  Wilson v. Garcia, 471
24   U.S. 261, 266-67 (1985) (state statute of limitations for personal injury actions governs claims
     under § 1983); Cal. Code Civ. Proc. § 340.5 (providing for one year limitations period against
25   health care providers based upon the rendering of professional services).  In the complaint,
     Plaintiff alleges he fell from his bunk bed on or about June 9, 2007. It is not clear when his
26   medical care at UCSD Hospital occurred thereafter.  However, the Regents notes Plaintiff
     previously filed an action in Superior Court in November of 2007, alleging the same claims
27   against the Regents based upon failure to remove surgical utensils from plaintiff after completion
     of surgical procedures.  These are matters outside the pleadings and cannot be considered on this
28   motion to dismiss. However, the Court notes it is likely Plaintiff's claim against the Regents is also
     likely time-barred.

1  Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). Here, Plaintiff's TAC states no facts support

2  supporting his allegation of a conspiracy, and his claim under § 1985 fails.

3      C.    *State Law Claims*

4      Because Plaintiff has failed to state any claim for relief against the Regents under federal

5  law, the Court declines supplemental jurisdiction over any state law claims against this Defendant.

6  Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (court is within its discretion to decline

7  supplemental jurisdiction over state-law claims once it has dismissed all claims over which it has

8  original jurisdiction).

9      D.    *Sufficiency of Service of Process*

10     Having determined Plaintiff fails to state a claim for relief against the Regents in his TAC,

11 the Court does not address the argument that Plaintiff failed to effect proper service of process.

12 ***3.    Claims Against Alvarado Hospital***

13     Plaintiff also asserts claims againt Alvarado Hospital relating to its treatment of Plaintiff

14 subsequent to his second fall.  Plaintiff alleges that after he was initially released from UCSD

15 Hospital, he was taken to R.J. Donovan Prison.  [TAC, ¶ 19(e).]  Because Donovan did not the

16 capacity to handle Plaintiff's "unique situation," Plaintiff alleges he was placed "in solitary

17 confinement under armed guard at Alvarado Hospital."  Plaintiff alleges his obvious medical needs

18 were "intentionally unmet and denied to him by Alvarado managers, supervisors and employees."

19 [Id.]  Plaintiff alleges Alvarado operates under a contract with the County of San Diego and State

20 of California for the provision of medical care for incarcerated individuals.  [TAC, ¶ 3.]

21     Alvarado moves to dismiss, arguing Plaintiff fails to state a claim for relief under §§ 1983

22 and 1985 and that the Court should decline to exercise supplemental jurisdiction over any state law

23 claims.

24     A.    *Claims under § 1983 and 1985*

25     Plaintiff specifically alleges Alvarado Hospital operates under a contract with the County

26 of San Diego and State of California to provide medical services for incarcerated individuals at

27 State and County-owned facilities.  These allegations are sufficient to establish Alvarado is a

28 "state actor" for purposes of § 1983.  Lopez, 939 F.2d at 883.

1    However, as noted above, Plaintiff's allegations of negligent and insufficient medical care

2    are vague and conclusory. There are no facts from which the Court could conclude Alvarado was

3    deliberately indifferent to Plaintiff's serious need for medical care in violation of the Eighth

4    Amendment.  Instead, the TAC contains merely conclusory statements that treatment was delayed

5    or negligent.  These are insufficient to support Plaintiff's claim against Alvarado under § 1983

6    claim.  Similarly, Plaintiff's TAC states no facts support supporting his allegation of a conspiracy,

7    under § 1985.

8        B.        *State law claims*

9    Because Plaintiff has failed to state any claim for relief against Alvarado under federal law,

10   the Court declines supplemental jurisdiction over any state law claims against this Defendant.

11   **_4.        Claims Against the State of California and Individual Named Defendants_**

12       As in the SAC, Plaintiff's TAC names five County Supervisors, Governor Arnold

13   Schwarzenegger, and eight individual doctors as well as the State of California. Notwithstanding

14   the fact the Court granted Plaintiff leave to amend with regard to these Defendants, Plaintiff has

15   not made any more particularized allegations regarding his claims against these entities and

16   individuals.

17       As noted in the Court's order dismissing the SAC, Plaintiff asserts claims against the

18   individual County Supervisors (Greg Cox, Diane Jacobs, Pam Slater-Price, Ron Roberts, and Bill

19   Horn) and Governor Schwarzenegger only in their official capacity and not based upon any act or

20   omission of the official.  [TAC, ¶ 7.]  A public official may not be held vicariously liable for acts

21   of his or her subordinates under 42 U.S.C. § 1983.  Iqbal, 129 S. Ct. at 1948.  "Absent vicarious

22   liability, each Government official, his or her title notwithstanding, is only liable for his or her

23   own misconduct."  Id.

24       Plaintiff alleges the individual doctors "[a]cted jointly and severally as treating physicians

25   and surgeons toward plaintiff during the time in which he was incarcerated at Bailey and Donovan

26   facilities...." [TAC, ¶ 7]  Plaintiff further alleges the doctors "failed and refused to provide plaintiff

27   with adequate medical services by failing and refusing to provide him with sufficient surgeons,

28   including plastic surgeons, and refused and failed to remove surgical tools left inside plaintiff's

1  body following medical procedures ....”  Plaintiff alleges no act or omission by any of these

2  doctors, individually.  Plaintiff has never served these Defendants with the SAC or TAC.  Fed. R.

3  Civ. P. 4(m) (court may dismiss where plaintiff fails to serve complaint within 120 days).

4  Therefore, the Court dismisses Plaintiff’s claims as to these Defendants.

5                                               ***Leave to Amend***

6            After a party has amended the pleading once as a matter of course, “it may only amend

7  further after obtaining leave of the court, or by consent of the adverse party.”  Eminence Capital,

8  LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  Rule 15(a)

9  provides that leave to amend should be “freely given when justice so requires” and courts are to

10  apply such standard “with extreme liberality.”  Morongo Band of Mission Indians v. Rose, 893

11  F.2d 1074, 1079 (9th Cir. 1990).  There are a number of factors the court should consider in

12  determining whether to grant leave to amend, including undue delay, bad faith, repeated failure to

13  cure deficiencies by amendments previously allowed, and the futility of amendment.    Eminence

14  Capital, 316 F.3d at 1051 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). However, the

15  touchstone of the inquiry is prejudice to the opposing party.  Id. (quoting Lone Star Ladies Inv.

16  Club v. Schlotsky’s Inc., 238 F.3d 363, 368 (5th Cir. 2001)).

17            Here, the Court concludes Plaintiff should not be granted further leave to amend.  Plaintiff

18  originally filed his complaint on October 16, 2009, but took no action to effect service of process

19  until April of 2010, when the Court set the matter for dismissal under Fed. R. Civ. P. 4(m).

20  Plaintiff did not file a timely opposition to Defendants’ initial motions to dismiss, and filed a

21  written response only after the Court submitted the matter for decision.  Plaintiff similarly failed to

22  file a timely opposition to Defendants’ current motions, requiring the Court to vacate the hearing

23  date.  The underlying acts which form the basis of Plaintiff’s claims occurred in 2007, and with the

24  additional year it has taken for Plaintiff to state a viable cause of action, there exists the strong

25  likelihood that additional delay will result in prejudice to the County in defending Plaintiff’s

26  claims. Despite the Court articulating in two prior orders the elements necessary to state a claim

27  for relief against Defendants, Plaintiff has failed to cure deficiencies, which leads the Court to

28  ///

believe any further amendment would be futile.  Therefore, the Court will dismiss Plaintiff's claims as noted herein, with prejudice.

### *Conclusion*

For the reasons set forth herein, the Court orders as follows:

1.     The County's motion to dismiss the Third Amended Complaint is GRANTED IN PART AND DENIED IN PART:

        A.     Plaintiff's claims against the County of San Diego under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fourteenth Amendments are dismissed with prejudice;

        B..     Plaintiff's claim against the County of San Diego under 42 U.S.C. § 1983 for violation of due process under the Fifth Amendment is dismissed with prejudice;

        C.     Plaintiff's claim against the County of San Diego under 42 U.S.C. § 1983 for violation of the Eighth Amendment based upon jail officials' failure to timely respond to his cries for assistance, or failure to provide adequate medical care, is dismissed with prejudice;

        D.     Plaintiff's claim against the County under 42 U.S.C. § 1985 is dismissed with prejudice;

Plaintiff may proceed with his claims against the County under 42 U.S.C. § 1983 for deliberate indifference in violation of the Eighth Amendment insofar as such claim is based upon the failure to provide him with a lower bunk or safe manner of getting in and out of his upper bunk, and for violation of equal protection under the Fifth Amendment. Plaintiff may also proceed with his claims against the County under 42 U.S.C. § 1981, and Cal. Gov't Code § 845.6.  The County shall file an answer within ten (10) days of the filing of this Order.

2.     The motions to dismiss filed by the Regents of the University of California and by Alvarado are GRANTED, and Plaintiff's claims against these Defendants are dismissed with prejudice.

///

1      3.      The Court dismisses Plaintiff's claims against the State of California, Greg Cox,

2  Diane Jacobs, Pam Slater-Price, Ron Roberts, Bill Horn, Arnold Schwarzenegger, Alexander

3  Schwartz, M.D., William J. Peace, M.D., Tudor Hughes, M.D., Lisa Lowe, M.D., J. Gondusky,

4  M.D., Robert Meyer, M.D., Reid Abrams, M.D., and Terance Davidson, M.D. with prejudice.

5      **IT IS SO ORDERED**.

6  **DATED:  January 25, 2011**

7

8  **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28